**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 9:20-bk-08857 |
| | Chapter 11 |
| **SARA JENNIFER POMEROY AND ERIC DOUGLAS POMEROY**, | |
| Debtors. | |
| _____/ | |

**DEBTORS' MOTION FOR AN ORDER APPROVING: (1)  TERMS OF COMPROMISE AND  SETTLEMENT WITH HARLEY-DAVIDSON CREDIT CORPORATION; AND, (2) INCORPORATED SETTLEMENT AGREEMENT**

Sara Jennifer Pomeroy and Eric Douglas Pomeroy (the "Debtors"), by and through their undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019, respectfully request that the Court enter an order (1) approving the terms of compromise and settlement with Harley-Davidson Credit Corporation; and, (2) incorporated settlement agreement (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

**I. Summary of Requested Relief**

1. By this Motion, the Debtors seeks entry of an order approving a compromise and settlement with Harley-Davidson Credit Corporation ("HDCC"), pursuant to which, among other things:  (a) HDCC shall be entitled to an allowed general unsecured claim of $2,873,126.22 in full and final settlement of any and all claims it may possess against the estate (b) HDCC shall vote in favor of accepting the Debtors' Plan of Reorganization; (c) HDCC shall receive payment in the sum of $150,000 from a non-debtor entity; (d) the Debtors and HDCC shall be deemed to have exchanged mutual general releases excepting the obligations under the settlement detailed herein; and, (e) HDCC shall cause pending actions to be dismissed with prejudice with each side to bear their own fees and costs incurred.

2. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C.

§ 157(b)(2).

3. The statutory predicates for the relief requested herein are Sections Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## II. Relevant Limited Background

A. **The Chapter 11 Filing**

4. On December 2, 2020 (the "Petition Date"), the Debtors filed a joint voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 3, 2020, Debra Jackson was appointed as the Subchapter V trustee.

B. **The pre-petition litigation with HDCC**

5. On February 26, 2019, HDCC commenced the lawsuit styled *Harley-Davidson Credit Corporation vs. JHD Holdings, Inc. et al.*, Case no. 3:19-cv-00155-JDP in United States District Court, Western District of Wisconsin, against JHD Holdings, Inc ("JHD"), H2D Holdings, Inc. ("H2D") and Sara Pomeroy (the "HDCC Action"). HDCC commenced the action to collect amounts it claimed were due to it relating to floor-plan inventory financing provided to Harley-Davidson dealerships in New Berlin, Wisconsin and Janesville, Wisconsin, owned and operated by JHD and H2D.

6. On August 6, 2020, HDCC amended its Complaint, pursuant to a settlement agreement (which is under seal in the HDCC Action), to add Eric Pomeroy and additional parties as follows: the Pomeroy Family Limited Liability Limited Partnership, Paradise Management Group LLC, Inspection Resource Management LLC, Novo Risk Management LLC, Novo Financial Holdings LLC, CFO Aviation LLC, The Eric Pomeroy Revocable Living Trust and The Sara Pomeroy Revocable Living Trust for tortious interference (collectively, the "Entities").

7. Also on or about August 6, 2020, HDCC, the Debtors and the Entities entered into a Stipulation and Consent Judgment whereby judgment in the amount of $5,042,379 less any amounts

received was agreed to amongst the parties. Said judgment was approved on August 6, 2020 by the United States District Court, Western District of Wisconsin (the "Wisconsin Judgment").

8.  On October 13, 2020, HDCC commenced proceedings in the United States District Court, Middle District of Florida, styled *Harley-Davidson Credit Corporation vs. JHD Holdings, Inc. et al.*, Case no. 2-20-mc-0019-SPC-MRM in order to domesticate the Wisconsin Judgment for collection proceedings in Florida against the Debtors and Entities. As part of such proceeding, HDCC sought and obtained the issuance of sixteen (16) writs of garnishment. On December 18, 2020, the Debtors learned that their joint bank account at BB&T Bank had been garnished.

C.  **Proceedings during Chapter 11 case**

9.  On December 17, 2020, the Debtors' filed their emergency motion for entry an order: (a) enforcing the automatic stay, (b) awarding sanctions for violations of the automatic stay, and (c) holding HDCC and its attorneys liable for damages for violations of the automatic stay (Doc. No. 19) (the "Emergency Motion"). HDCC had filed responsive pleadings in opposition as well as a cross motion for sanctions in accordance with Rule 9011. Following the filing of the Emergency Motion, negotiations between HDCC and the Debtors occurred resulting in an understanding as to a tentative standstill between the parties which resulted in an Agreed Order (Doc no. 44) and Second Agreed Order (Doc no. 71) entered by the Court on December 29, 2010 and February 1, 2021, respectively.

10.  In consideration of controverted issues, possible future disputes and the mutual desire to avoid the continuing accrual of fees and costs, as well as the uncertainty and delay of litigation, the Debtors, Entities and HDCC entered into settlement negotiations and have reached terms of settlement in and between themselves that are embodied in the Settlement Agreement now submitted by the Debtors for this Court's approval, which is attached hereto substantially in the form as **Exhibit "A"** (the "Settlement Agreement").

11.  As a result of the efforts described above, the parties have agreed upon the terms expressed in the Settlement Agreement, which in brief, provides for: (a) a payment of $150,000 from a non-debtor

entity (the "Settlement Payment") to HDCC, and general releases between (i) the Debtors and HDCC and (ii) the Entities and HDCC; (b) discontinuing all pending litigation amongst the parties; and, (c) HDCC casting its vote in favor of the Debtor' plan of reorganization.

12. **Any discussion in this Motion of the terms of the Agreement can only be a brief summary and all parties in interest are strongly advised to read the entire attached Settlement Agreement carefully.** *In the event of any inconsistency, the actual terms of the Settlement Agreement shall govern to the extent there may be any conflict perceived between them and the discussion in this Motion.*

## BASIS FOR RELIEF

### *The Applicable Legal Standards for Approval*

13. Fed. R. Bankr. P. 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement of a controversy. The approval or rejection of a compromise or settlement is left to the sound discretion of the Bankruptcy Court, which should approve the settlement when it is fair and equitable and in the best interests of the estate. *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998). There is a general policy that encourages settlements and favors compromises. *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes); see also *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988).

14. Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a). These factors include the following: (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the

depletion of assets); and (d) the paramount interests of the creditors and a proper deference to their reasonable views. *In re Justice Oaks II, Ltd.*, 898 F.2d. 1544, 1549 (11th Cir. 1990), *cert. denied sub nom.*, *Wallace v. Justice Oaks II, Ltd.*, 498 U.S. 959 (1990); *Kay*, 223 B.R. at 820; *see also* 9 Collier on Bankruptcy ¶ 019.03[1] (15th ed. 1993) (noting that the settlement process "requires a bankruptcy judge to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal"). After duly reviewing these factors, a bankruptcy court can only be said to err in its approval of a settlement or compromise if it "fall[s] below the lowest point in the range of reasonableness." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007). Moreover, the decision of a bankruptcy trustee as to whether to settle any matter is to be considered a matter within the sound business judgment of the trustee. *In re Morgan*, 439 Fed. Appx. 795 (11th Cir. 2011).

15. In applying the above substantive legal standards to this case, the Debtors believe the factors set out in *Justice Oaks* strongly favor approval of the Settlement Agreement and the terms embodied therein.

A. **Probability of success in the litigation**

16. The Debtors believe that the Emergency Motion against HDCC is meritorious and would be vigorously defended by HDCC. The Court's ability to grant the injunctive relief sought by the Debtors in favor of non-debtors would not appear overly complex to try, but the relevant law applied to the facts at hand appears uncertain. Issues involving violations of the automatic stay appear to be in genuine dispute (with HDCC denying any violations and attributing a restraint of the Debtors' bank account to the Debtors' bank not HDCC). Damages for violations of the automatic stay are limited based on the nominal amounts garnished by HDCC. These issues are admittedly difficult to assess for settlement purposes, just as they would be difficult and expensive to try.

B. **Difficulties, if any, to be encountered in matter of collection**

17. Collectability is not a significant factor here as HDCC presumably has the wherewithal to satisfy a judgment obtained by the Debtors, if they were to prevail in litigation.

C. **Complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending the litigation**

18. The litigation between the Debtors and HDCC has a moderate level of complexity when considering the inclusion of the Entities which are not debtors in this case. Prior to the bankruptcy filing, HDCC and the Entities were involved in protracted litigation in the District Court in Wisconsin. HDCC's continued collection efforts in Florida as against the non-debtors distracted from the Debtors focus to concentrate their efforts on this Chapter 11 case.

D. **The paramount interests of the creditors and a proper deference to their reasonable views**

19. The Debtors' business judgment is that a settlement with HDCC as one of its largest creditors is beneficial to all of its creditors. The settlement payment to HDCC will be provided by Novo Financial Risk Holdings, LLC, a non-debtor entity, which was obligated to HDCC under the Consent Judgment. The result is not likely to adversely the Debtors' projected income stream under its Plan of Reorganization. By obtaining the consent from HDCC to the Plan, the Debtors' have overcome a potential obstacle in advancing the case forward to confirmation of the case which is currently scheduled for March 10.

**WHEREFORE**, the Debtors respectfully request the entry of an Order for the reasons stated hereinabove, to approve the Settlement Agreement attached hereto and the terms of settlement contained therein, and for any other relief that may be appropriate and just and proper.

Dated this 11th day of February, 2021.

Respectfully submitted,

**SHAPIRO LAW**

By: _/s/ Peter E. Shapiro_
Peter E. Shapiro, Esq.
Florida Bar No. 615511
8551 West Sunrise Boulevard, Suite 300
Plantation, Florida 33322
Tel.: (954) 315-1157
pshapiro@shapirolawpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 11th day of February, 2021 via CM/ECF, email or US first class mail as indicated on the Service List.

                                                              */s/ Peter E. Shapiro*
                                                            Peter E.  Shapiro, Esq.

## SERVICE LIST

Marguerite Lee DeVoll on behalf of Creditor CAR BRD WI Berlin, LLC
mdevoll@WattTieder.com

Marguerite Lee DeVoll on behalf of Creditor CAR BRD WI Jane, LLC
mdevoll@WattTieder.com

Kathleen L DiSanto on behalf of Creditor CAR BRD WI Berlin, LLC
kdisanto@bushross.com, bnkecf@bushross.com;ksprehn@bushross.com

Kathleen L DiSanto on behalf of Creditor CAR BRD WI Jane, LLC
kdisanto@bushross.com, bnkecf@bushross.com;ksprehn@bushross.com

Bert Echols, III on behalf of Creditor TD Auto Finance, LLC c/o Bert Echols Esq
bechols@evanspetree.com, sbruce@evanspetree.com

Daniel C Fleming on behalf of Creditor Harley-Davidson Credit Corporation
dfleming@wongfleming.com,
jeffrey@needlelaw.com;jmarrazo@wongfleming.com;rhomer@wongfleming.com

Christian G Haman on behalf of Creditor Thomas Deau
chaman@dallagolaw.com, kim@dallagolaw.com

Debra Jackson
djjtrustee1@gmail.com

Jennifer L Kneeland on behalf of Creditor CAR BRD WI Berlin, LLC
jkneeland@WattTieder.com

Jennifer L Kneeland on behalf of Creditor CAR BRD WI Jane, LLC
jkneeland@WattTieder.com

Benjamin E. Lambers on behalf of U.S. Trustee United States Trustee - FTM
Ben.E.Lambers@usdoj.gov

David C Moore on behalf of Creditor J.M. Kutter Properties LLC
dmoore@nowlan.com

Muratides on behalf of Creditor C/o John Muratides CFF Collection, LLC
jmuratides@stearnsweaver.com, lwade@swmwas.com

Jeffrey J Needle on behalf of Creditor Harley-Davidson Credit Corporation

jeffrey@needlelaw.com

Shannon M. Puopolo on behalf of Creditor Byline Bank
shannon.puopolo@henlaw.com, Beverly.slager@henlaw.com;nickie.stewart@henlaw.com

United States Trustee - FTM
USTPRegion21.TP.ECF@USDOJ.GOV

**EXHIBIT "A"**