# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "**Agreement**" or "Settlement Agreement")) is made this day of February__, 2021, between and among **Harley-Davidson Credit Corporation**, a Nevada corporation whose principal place of business is in Carson City, Nevada ("**HDCC**"), **Sara J. Pomeroy**, an individual residing specifically at an address of 13 Sabre Lane, Naples, Florida 34102 (**"Ms. Pomeroy"**) and **Eric Pomeroy**, an individual who is residing specifically at an address of 13 Sabre Lane, Naples, Florida 34102 (**"Mr. Pomeroy"**).,

For purposes of this Agreement, **Pomeroy Family Limited Liability Limited Partnership**, a Florida Limited Partnership whose principal address is 225 Banyan Blvd. Suite 210, Naples Florida 34102 (**"Pomeroy Partnership"**), **Paradise Management Group LLC**, a Florida Limited Liability Company, with a principal place of business of 225 Banyan Blvd., Suite 210, Naples, Florida 34102 (**"Paradise"**), **Inspection Resource Management LLC**, a Florida Limited Liability Company, with a principal place of business of 225 Banyan Blvd. Suite 210, Naples, Florida 34102 (**"Inspection"**), **Novo Risk Management LLC**, a Delaware Limited Liability Company (**"Novo Risk"**), **Novo Financial Holdings LLC**, a Delaware Limited Liability Company (**"Novo Financial"**), **CFO Aviation LLC**, a Florida Limited Liability Company with a principal address of 13 Sabre Lane, Naples, Florida 34102 (**"CFO"**), **The Eric Pomeroy Revocable Living Trust**, a trust created in Florida whose trustee is Eric Pomeroy and whose beneficiary is Sara J. Pomeroy (**"Eric Trust"**) and **The Sara Pomeroy Revocable Living Trust**, a trust created in Florida whose trustee is Sara J. Pomeroy and whose beneficiary is Eric Pomeroy (**"Sara Trust"**), . the Pomeroy Partnership, Paradise, Inspection, Novo Financial, CFO, Eric Trust and Sara Trust may sometimes be referred herein collectively as the "Pomeroy Entities".

## Recitals

A.  On or about December 17, 2014, HDCC and JHD Holdings, Inc., ("JHD") a corporation organized and existing pursuant to the laws of the State of Wisconsin, having its principal place of business located at 3223 North Pontiac Drive, Janesville, Wisconsin 53545, entered into a Customer Financing Agreement ("JHD CFA") through which HDCC extended credit to JHD for the purchase of goods and services for sale, including new and used motorcycle financing.

B.  On or about April 27, 2016, HDCC and H2D Motorcycle Ventures LLC ("H2D"), a limited liability company existing pursuant to the rules and laws of the State of Delaware, with a principal place of business located at 1925 South Moorland Road, New Berlin, Wisconsin 53151, entered into a Customer Financing Agreement (the "H2D CFA"), through which HDCC extended credit to H2D for the purchase of goods and services for sale, including new and used motorcycle financing

C. On or about February 26, 2019, HDCC filed a lawsuit in the United States District Court Western District of Wisconsin Case No. 19-cv-155-jdp (the "Federal Court Action") against JHD, H2D and Ms. Pomeroy for alleging, among other things, reach of the terms of the JHD CFA, H2D CFA and guarantees executed by Ms. Pomeroy (collectedly the "Loan Agreements").

D. As part of a confidential settlement agreement in the Federal Court Action, Ms. Pomeroy, Mr. Pomeroy and the Pomeroy Entities executed a Consent Judgment in the sum of $5,042,379.89 in favor of HDCC in the Federal Court Action, less any amounts recovered by HDCC from H2D, JHD or any party executing this agreement, which was filed and entered on August 7, 2020 with the Court (the "Consent Judgment").  A copy of the filed Consent Judgment is attached hereto as Exhibit A.

E. On October 15, 2020,  HDCC filed a lawsuit in the United States District Court Middle District of Florida,  Case No. 2:20-mc-00019-SPC-MRM (the "Florida Action") against Ms. Pomeroy, Mr. Pomeroy and the Pomeroy Entities in order to domesticate the Consent Judgment in Florida and commence collection proceedings.

F. On December 2, 2020, Ms. Pomeroy and Mr. Pomeroy filed a joint voluntary petition relief   under Chapter 11 in the United States Bankruptcy Court for the Middle District of Florida, Ft Myers Division, Case no. 9:20-bk-08857 (the "Bankruptcy Case").

G. Ms. Pomeroy, Mr. Pomeroy, the Pomeroy Entities and HDCC now wish to settle all issues amongst them including the Federal Court Action, Consent Judgment, Florida Action and Bankruptcy Case. Subject to the conditions set forth in this Settlement Agreement, HDCC is willing to enter into this Agreement.

## I. REPRESENTATIONS AND WARRANTIES BY MS. POMEROY and MR. POMEROY

To induce HDCC to enter into this Agreement, Ms. Pomeroy and Mr. Pomeroy  make the following representations and warranties, which representations and warranties shall be reaffirmed in connection with the execution hereof and shall survive through this Agreement:

**1.1** **<u>Other Agreements.</u>**  The execution and delivery by Ms. Pomeroy and Mr. Pomeroy of this Agreement and the consummation by Ms. Pomeroy and  Mr. Pomeroy  of all transactions contemplated hereby, will not conflict with, or result in the breach of, or constitute a default under, any agreement or instrument or document to which Ms. Pomeroy or Mr. Pomeroy  is a party, and will not result in the creation or imposition of any lien, charge, or encumbrance upon assets (except in favor of HDCC).  Other than the defaults expressly acknowledged by Ms. Pomeroy and Mr. Pomeroy  in this Agreement, Ms. Pomeroy and Mr. Pomeroy  are not in default in the performance, observation or fulfillment of the terms or conditions of any obligation, indebtedness, agreement, commitment or lease of any kind which would have a material adverse effect on its ability to perform its obligations under this Agreement.

**1.2** **Validity and Binding Effect.**  This Agreement is a valid and binding obligation of Ms. Pomeroy and Mr. Pomeroy , and enforceable against them in accordance with the respective terms and conditions hereof and thereof.

**1.3** **No Litigation, Judgments or Taxes.**  There are no pending or threated actions or proceedings before any court or administrative agency, or any pending claims or assessments other than: (1) the Middle District of Florida case titled Performance Brokerage Services, Inc. v. Eric Pomeroy, Sara Pomeroy and JHD Holdings, Case No. 2:18-cv-580-FtM-38MRM; (2) Collier County Circuit Court case titled CFF Collection LLC v. Eric Pomeroy and Sara Pomeroy, Case No. 11-CA-001484-0001-XX; (3) Rock County Circuit Court titled Markham L. Saunders v. JHD Holdings Inc. dba Boardtracker Harley Davidson. Case No. 2019CV000643; (4) Rock County Circuit Court titled J.M. Kutter Properties, LLC v. JHD Holdings Inc. and Eric D. Pomeroy Case No. 17CV1009; (5) the Bankruptcy Case; (6) the Federal Court Action; and (7) the Florida Action (collectively "Other Actions"). Ms. Pomeroy and Mr. Pomeroy  are not subject to any judgment, suit, injunction or decree which would materially and adversely affect its financial condition or operations other than the Other Actions.

## II. REPRESENTATIONS AND WARRANTIES BY HDCC

To induce Ms. Pomeroy and Mr. Pomeroy, HDCC makes the following representations and warranties, which representations and warranties shall be reaffirmed in connection with the execution hereof and shall survive through this Agreement:

**2.1** **Capacity of HDCC**.  HDCC has the capacity to execute, deliver and perform in accordance with its terms and conditions under this Agreement and, if applicable, will have taken or caused to be taken all necessary action to authorize the execution, delivery and performance of this Agreement.  This Agreement is valid, is the binding obligation of HDCC and enforceable against HDCC in accordance with the respective terms and conditions herein.

**2.2** **Entity Status.**  HDCC is a valid existing entity in good standing in its state of organization and is in compliance with its organizational documents.

**2.3** **Power and Authority**.  HDCC has the power to execute, deliver and perform in accordance with all of the terms and conditions of this Agreement and will have taken or caused to be taken all necessary entity action to authorize the execution, delivery and performance of this Agreement.

**2.4** **Other Agreements.**  The execution and delivery by HDCC  of this Agreement and the consummation by HDCC of all transactions contemplated hereby, will not conflict with, or result in the breach of, or constitute a default under, any agreement or instrument or document to which HDCC is a party, and will not result in the creation or imposition of any lien, charge, or encumbrance upon assets of HDCC.  HDCC is not  in default in the performance, observation or fulfillment of the terms or conditions of any obligation, indebtedness, agreement, commitment or

lease of any kind which would have a material adverse effect on its ability to perform its obligations under this Agreement.

    **2.5**    **Validity and Binding Effect.**  This Agreement is a valid and binding obligation of HDCC and enforceable against it in accordance with the respective terms and conditions hereof and thereof.

    **2.6**    **No Litigation, Judgments or Taxes.** There are no pending or threated actions or proceedings before any court or administrative agency, or any pending claims or assessments against HDCC  nor is HDCC subject to any judgment, suit, injunction or decree which would affect its ability to consummate the transactions set forth in this Agreement.

## III.  GENERAL TERMS AND CONDITIONS

    **3.1**    **Prior Confidential Settlement Agreement** Except as modified herein,  all of the terms, conditions and warranties set forth in the Confidential Settlement Agreement remain unchanged.

    **3.2**    **Settlement Agreement with Pomeroy Entities. The effectiveness of this Agreement shall be subject to a settlement agreement between the Pomeroy Entities and HDCC** (the "Settlement Agreement"), a copy of which is annexed hereto as **Exhibit "A"**.

    **3.3.**    **Satisfaction and Release of Claims by HDCC.** Within five (5) business days of consummation of the terms of the Settlement Agreement HDCC shall deliver to counsel for the Pomeroy Entities in recordable form:

    A.    Satisfaction of the Consent Judgment, in the form as annexed hereto as **Exhibit "A"** for recording in Wisconsin.

    B.    Satisfaction of the Consent Judgment, in the form as annexed hereto as **Exhibit "B"** for recording in Florida.

    C.    Notice of dismissal of the Florida Action in the form annexed hereto as **Exhibit "C".**

    **3.4**    **HDCC's proof of claim  and ballot in in the Bankruptcy Case**. HDCC has filed an unsecured proof of claim in the amount of $2,873,126.22 in the Bankruptcy Case. HDCC shall file a timely ballot in favor of and accepting the treatment of its claim under any Plan of Reorganization filed by Ms. Pomeroy and Mr. Pomeroy. Ms. Pomeroy and Mr. Pomeroy agree not to object to the proof of claim filed by HDCC. This Agreement is subject to approval of the Court in the Bankruptcy Case.

**3.5     Release of Any Claims and Defenses by Ms. Pomeroy and Mr. Pomeroy.** Ms. Pomeroy and Mr. Pomeroy release and discharge HDCC, its parents, subsidiaries, or affiliates, including but not limited to Harley Davidson Motor Company, its parents, subsidiaries, or affiliates ("HDMC"), of and from any and all obligations under the Loan Agreements and any and all related debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements and any and all claims, liabilities and causes of action whatsoever, of every name and nature, which Ms. Pomeroy or Mr. Pomeroy have or might have against HDCC, its parents, subsidiaries, or affiliates, irrespective of the source thereof. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.

**3.6     Contingent Release of Claims by HDCC.**

   a.     Upon consummation of the Settlement Agreement, which payment is beyond the period of any recall, repayment, reclamation or clawback, HDCC hereby releases, covenants not to sue with respect to, and holds harmless Eric Pomeroy and Sara Pomeroy, their successors, heirs, devisees, assigns, affiliates, attorneys, agents and/or employees, from any claims, complaints, demands, damages, causes of action, debts, liabilities, controversies, judgments and suits, assertions of liability or other obligations of any type or nature, known or unknown, arising at any time from the beginning of the world to the date of this Agreement, in whole or in part, including, but not limited to, all claims arising, relating to, or concerning any of the claims made in the Federal Court Action, the Florida Action and Bankruptcy Case, except as to the allowance of HDCC's proof of claim stated in paragraph 3.4 hereof, to the fullest extent possible.

   b.     In the event that the Settlement Agreement is not consummated, Eric Pomeroy and Sara Pomeroy further agree that: (1) HDCC may bring a suit against one or all of the Defendants in the United States District Court for the Western District of Wisconsin, and in addition to theories of breach of this Agreement, HDCC may replead all of the claims against Defendants as set forth in the Federal Court Action, as well as any additional claims that relate back to the original claims pursuant to Rule 15(c) of the Federal Rules of Civil Procedure; (2) Defendants shall not raise, and hereby waive, any argument for dismissal or summary judgment that is based on venue or jurisdiction, the dismissal of the Federal Court Action or the passage of time following the dismissal of the Federal Court Action, including any new or expanded theory of res judicata or claim preclusion, laches or statute of limitations, and expressly waive any affirmative defense not already pled and available to it at the time of the dismissal of the Federal Court Action; (3) any rulings in the Federal Court Action issued prior to the dismissal shall act as law of the case in any new suit, and all discovery provided during the Federal Court Action shall be available to the Parties in a new suit filed by HDCC in the event that the release is voided or does not become effective; and (4) HDCC shall be entitled to relief from any automatic stay imposed by Section 362 of the Bankruptcy Code, or otherwise, on or against the exercise of the rights and remedies otherwise available HDCC as provided in this paragraph and as otherwise provided by law, and Defendants waive the benefit of such automatic stay and consent and agree

to raise no objection to such relief. Defendants hereby recognize and acknowledge that in exchange for this waiver HDCC has given Defendants valuable consideration and has agreed to forbear the exercise of its available rights in the Federal Court Action.

Notwithstanding the foregoing, this section 3.6 is placed in this Agreement in an abundance of caution and should not be interpreted to be an admission that all or any portion of any portion of payments made under the Consent Judgment will be avoidable under any fraudulent transfer law or under Chapter 5 of Title 11, U.S.C. (the United States Bankruptcy Code).

**3.7    Obligations That Survive Termination Not Released.**  All provisions of the Loan Agreements that are intended to survive termination or expiration shall not be released hereunder and the parties hereby ratify all such provisions.  HDCC expressly reserves its indemnity rights as set forth in the Loan Agreements and Ms. Pomeroy expressly acknowledge their continuing indemnity obligations for any and all suits, fees, fines, or causes of action of every description relating to the period of time of their relationship with HDCC as it relates to the Loan Agreements.

**3.8    Acknowledgment.** Ms. Pomeroy and Mr. Pomeroy acknowledge that they have read and fully understand the contents of this Agreement, that they have executed same of their own free will; and that neither HDCC nor any of its agents, servants or employees promised Ms. Pomeroy or Mr. Pomeroy any additional consideration or made any further agreements in connection herewith, except as to the Settlement Agreement.

**3.9    WAIVER OF JURY TRIAL.  THE PARTIES TO THIS AGREEMENT EACH KNOWINGLY AND VOLUNTARILY WAIVE ANY AND ALL RIGHT TO A TRIAL BY JURY IN ANY CLAIM, DEFENSE, ACTION OR PROCEEDING MADE OR BROUGHT BY OR AGAINST ANY OTHER PARTY TO THIS AGREEMENT, OR ANY OFFICER, DIRECTOR, EMPLOYEE, ATTORNEY OR AGENT OF SUCH PARTY, BASED ON OR RELATING IN ANY WAY TO THIS AGREEMENT AND, WITHOUT LIMITATION, WHETHER OR NOT THE CLAIM, DEFENSE, ACTION OR PROCEEDING IS OF A CONTRACT, TORT OR OTHER NATURE, AND WHETHER OR NOT THE PARTY, OR OFFICER, DIRECTOR, EMPLOYEE, ATTORNEY OR AGENT OF SUCH PARTY, BY OR AGAINST WHOM THE CLAIM, DEFENSE, ACTION OR PROCEEDING IS MADE OR BROUGHT IS SAID TO BE ACTING WITHIN THE SCOPE OF OR IN COMPLIANCE WITH THIS AGREEMENT IN CONNECTION WITH THE EVENTS OR CIRCUMSTANCES ON WHICH THE CLAIM, DEFENSE, ACTION OR PROCEEDING IS BASED.  NO OFFICER, DIRECTOR, EMPLOYEE, ATTORNEY OR AGENT OF ANY PARTY HAS AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.**

**3.10    Governing Law; Jurisdiction; Right to Attorneys' Fees.**  This Settlement Agreement and the Parties' obligations hereunder shall be governed by and construed under the laws of the State of Wisconsin, without regard to its choice of law principles.  The Parties hereby

irrevocably and unconditionally consent to the exclusive jurisdiction of the United States Bankruptcy Court for the Middle District of Florida (the "Court"), for purposes of any litigation arising out of or related to this Settlement Agreement and its enforcement, and the Parties agree that they hereby irrevocably and unconditionally waive any objection or defense that such court is an inconvenient forum.  The prevailing party, as determined by the trier of fact, shall be paid its attorneys' fees, costs, and interest to the maximum extent allowable under the law, from the non-prevailing party in any action to enforce any provision of this Settlement Agreement or to collect any amounts due hereunder.

      **3.11**    **HDCC's Rights Cumulative.**  Each and every right granted to HDCC under this Agreement or allowed HDCC by law or equity, shall be cumulative and may be exercised together or separately from time to time.  No failure on the part of HDCC to exercise, and no delay in exercising, any right shall operate as a waiver thereof, nor shall any single or partial exercise by HDCC of any right preclude any other or future exercise thereof or the exercise of any other right.

      **3.12**    **Opportunity to Read and Consult with Counsel.**  Ms. Pomeroy and Mr. Pomeroy acknowledge having been given a reasonable and sufficient opportunity to read and understand this Agreement and to consult with counsel of its and his choosing and further acknowledge having elected of its and his free will to accept this Agreement.

      **3.13**    **No Fiduciary or Other Duties.**  Ms. Pomeroy and Mr. Pomeroy agree that HDCC did not at any time during the negotiation of this Agreement, and will not, as a result of any provision of this Agreement, undertake or owe any fiduciary or other similar duties or responsibilities to Ms. Pomeroy and Mr. Pomeroy.  Ms. Pomeroy and Mr. Pomeroy agree that HDCC's relationship with Ms. Pomeroy and Mr. Pomeroy is not fiduciary in nature.  Moreover, nothing in this Agreement shall be interpreted to constitute HDCC as a partner, joint venturer or investor with or in Ms. Pomeroy's, Mr. Pomeroy's and the Pomeroy Entities' business or financial affairs.

      **3.14**    **Notice.**  All notices or other communications required by or given in connection with this Agreement shall be in writing and delivered by hand to the person to whom it is addressed or sent by overnight delivery, or by certified mail, return receipt requested, postage prepaid.  Any notice shall be conclusively deemed to have been given when delivered.  Notices shall be delivered to the addresses set forth in the first paragraph of this Agreement.

      **3.15**    **[Intentionally left blank].**

      **3.16**    **Non-disparagement.**  Ms. Pomeroy and Mr. Pomeroy  agree that they will not directly or indirectly disparage or defame the goodwill or reputation of HDCC, its parent, subsidiaries, affiliates, agents or attorneys. This prohibition against disparagement applies to communications made orally, in writing or through any medium (including, but not limited to, the press or other media, computer networks or bulletin boards, or any other form of communication).

**3.17    No Construction Against Drafter.**  The rule of *contra proferentem* shall not apply, such that if an ambiguity or question of intent arises with respect to any provision of this Settlement Agreement, the Settlement Agreement will be construed as if drafted in concert by the Parties and no presumption or burden of proof will arise favoring or disfavoring any Party by virtue of authorship of any of the provisions of this Settlement Agreement.

**3.18    Additional General Terms.**

(a)    The provisions of this Agreement are intended to benefit only the parties hereto and no person not a party to this Agreement shall be deemed to be a third-party beneficiary of this Agreement.

(b)    This Agreement shall not be assignable by Ms. Pomeroy or Mr. Pomeroy and any such assignment or attempted assignment shall not be valid, binding or enforceable with respect to HDCC without HDCC's express written consent.

(c)    The terms of this Agreement shall be binding upon any successors and assigns of the parties hereto.

(d)    This Agreement constitutes the entire understanding between Ms. Pomeroy, Mr. Pomeroy, and HDCC, and supersedes any prior and contemporaneous agreements, oral or written, with respect to the subject matter of this Agreement.

(e)    Ms. Pomeroy and Mr. Pomeroy and HDCC acknowledge and agree that this Agreement constitutes a mutual effort to reach a settlement agreement with respect to the Federal Court Action, Florida Action and Bankruptcy Case.

(f)    Each provision of this Agreement is severable, separate and distinct from every other provision.  In the event that any competent authority shall adjudge or determine that any provision of this Agreement is invalid, or unenforceable, or contrary to any applicable law, such adjudication shall affect only the specific provision or provisions so adjudged, and shall not affect any of the remaining provisions of this Agreement, and all such remaining provisions shall continue and remain in full force and effect.

(g)    The headings assigned to the various provisions are intended for convenience only and shall not be used in the interpretation of any provisions of this Agreement.

(h)    The Recitals set forth in the beginning of this Agreement are intended by the parties to be, and are hereby made, part of this Agreement in all respects.

(i)    This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument and any of the parties hereto may execute this Agreement by signing any such counterpart.

**IN WITNESS WHEREOF,** the parties have each executed this Agreement or caused it to be executed by an authorized representative as of the date and year first above written. This Agreement is not an agreement until fully executed to HDCC's satisfaction by Ms. Pomeroy and, Mr. Pomeroy.


_____                    _____
Sara Pomeroy                                      Eric Pomeroy


Harley-Davidson Credit Corp.


By:_____
Name:
Title:

# EXHIBIT "A"