**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:                                                                    Case No. 9:20-bk-08857

                                                                                                     Chapter 11

**SARA JENNIFER POMEROY
AND ERIC DOUGLAS POMEROY**,

                Debtors.

_____/

**DEBTORS' MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING: (1) TERMS OF
COMPROMISE AND SETTLEMENT BETWEEN THE DEBTORS AND
CAR BRD WI NEW BERLIN LLC AND CAR BRD WI JANE LLC;
AND, (2) INCORPORATED SETTLEMENT AGREEMENT**

Sara Jennifer Pomeroy and Eric Douglas Pomeroy (the "Debtors"), by and through their undersigned counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019, respectfully request that the Court enter an order (1) approving the terms of compromise and settlement between the Debtors and CAR BRD WI New Berlin LLC and CAR BRD WI Jane LLC (collectively, the "CARS Parties"); and, (2) incorporated settlement agreement (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

**I. Summary of Requested Relief**

1.        By this Motion, the Debtors seeks entry of an order approving a compromise and settlement with the CARS Parties, pursuant to which, among other things: (a) CAR BRD WI New Berlin LLC and CAR BRD WI Jane LLC shall be entitled to allowed general unsecured claims of $2,290,826.32 and $1,513,167.63, respectively (b) the Cars Parties shall support acceptance of the Debtors' Plan of Reorganization; (c) the Cars Parties shall receive an aggregate payment in the sum of $1,500 per month (increasing to $2,500 after 6 months and $3,500 after 18 months) with interest 6% over a three year term with a balloon payment of $300,000 (less all interest paid) from Boardtracker Reinsurance Ltd.; (d) the Debtors shall execute a judgment in the amount of $3,803,993.95 in favor of the CARS Parties which

1

shall be held in abeyance and discharged upon receipt of full payment of $300,000 by the CARS Parties; (f) the Cars Parties shall cause its pending adversary proceeding and all pending objections actions pending before the Court to be withdrawn; and, (g) the parties shall exchange mutual releases.

2. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are Sections Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## II. Relevant Limited Background

### A. The Chapter 11 Filing

4. On December 2, 2020 (the "Petition Date"), the Debtors filed a joint voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 3, 2020, Debra Jackson was appointed as the Subchapter V trustee.

### B. The leases and guarantees with the Cars Parties

5. CAR BRD WI New Berlin L.L.C. ("CAR BERLIN"), as landlord, and H2D Motorcycle Ventures, LLC ("H2D"), as tenant, entered into a lease agreement (the "H2D Lease") dated June 16, 2016 for non-residential real property located at 1925 S. Moorland Road, New Berlin, Wisconsin 53151 (the "H2D Premises"). Also, on June 16, 2016, Eric D. Pomeroy and Sara J. Pomeroy (collectively, the "Debtors") executed an Individual Guaranty and Subordination Agreement (the "New Berlin Individual Guaranty"), guaranteeing the performance and payment of the payments due under the H2D Lease. Boardtracker Reinsurance Ltd. and JHD Holdings, Inc. ("JHD") also executed a Corporate Guaranty and Subordination Agreement (the "New Berlin Corporate Guaranty").

6. CAR BRD WI Jane L.L.C. ("CAR JANE"), as landlord, and JHD, as tenant, entered into

a lease agreement (the "JHD Lease") dated June 16, 2016 for non-residential real property located at 2600 Morse Street, 3223 N. Pontiac Drive, and 3301 N. Pontiac Drive, Janesville, Wisconsin 53545 (the "JHD Premises"). Also, on June 16, 2016, the Debtors executed an Individual Guaranty and Subordination Agreement (the "Janesville Individual Guaranty"), guaranteeing the performance and payment of the payments due under the JHD Lease. Boardtracker Reinsurance Ltd. and H2D also executed a Corporate Guaranty and Subordination Agreement (the "Janesville Corporate Guaranty").

7. On July 17, 2019, JHD and H2D each filed a voluntary bankruptcy petition pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Wisconsin. *See* Bankr. E.D. Wis. Case Nos. 19-26914 and 19-26915. On or about July 17, 2019, JHD and H2D ceased their business operations from their respective premises.

8. On October 15, 2019, the Bankruptcy Court for the Eastern District of Wisconsin entered an order deeming the H2D and JHD Leases rejected and terminating the H2D's and JHD's possession of the subject premises (the "Bankruptcy Order"). Pursuant to the Bankruptcy Order, JHD and H2D made a partial payment for the post-petition rent in the amount of $100,000.00 and Landlord was permitted to apply the remaining balance of the Security Deposit against H2D's and JHD's obligations under their respective leases.

C. **Wisconsin Lawsuit by the Cars Parties.**

9. On April 20, 2020, the Cars Parties filed a Complaint in the Circuit Court for Waukesha County, Wisconsin against the Debtors and Boardtracker Reinsurance Ltd. to enforce their obligations under the Janesville Individual Guaranty, the New Berlin Individual Guaranty, the Janesville Corporate Guaranty, and the New Berlin Corporate Guaranty. *See CAR BRD WI Berlin L.L.C., et al. v. Sara J. Pomeroy, et al.*, Case No. 2020CV000609. The Cars Parties commenced the action to collect amounts claimed as due to as a result of the New Berlin Individual Guaranty, New Berlin Corporate Guaranty, Janesville Individual Guaranty and Janesville Corporate Guaranty executed in connection with the leases of premises by JHD and H2D for the Harley-Davidson dealerships in New Berlin, Wisconsin and

Janesville, Wisconsin, owned and operated by JHD and H2D.

**D.    The proofs of claims filed by the CARS Parties**

10.    On May 21, 2020, in the H2D bankruptcy case, CAR BRD WI Berlin LLC filed an unsecured proof of claim in the amount of $1,605,579.32 and in the JHD bankruptcy case, CAR BRD WI Berlin LLC filed an unsecured proof of claim in the amount of $1,133,982.69. The Cars Parties properly applied 11 USC § 502(b)(6) to limit their respective rejection claim damages.  The Cars' Parties claims arose as a result of the rejection of non-residential leases in the Chapter 11 cases of H2D and JHD, the owners of Harley-Davidson dealerships located in New Berlin, Wisconsin and Janesville, Wisconsin, as to which Sara Pomeroy owned interests. On October 15, 2019, an Order of the Bankruptcy Court in the Eastern District of Wisconsin was entered deeming the subject leases rejected pursuant to Section 365 of the Bankruptcy Code.

11.    On February 9, 2021, CAR BRD WI New Berlin LLC filed its unsecured proof of claim in the amount of $6,452,877.06 and CAR BRD WI Jane LLC filed its unsecured proof of claim in the amount of $3,158.672.96 with this Court. In this instance, the proofs of claims filed by the Cars Parties disregarded the limitations on damages proscribed by 11 USC § 502(b)(6).

**E.    Proceedings during Chapter 11 case**

13.    From the outset of this proceeding, the Debtors and the Cars' Parties have maintained a litigious posture. The Cars' Parties sought extensive discovery from the Debtors and third parties including Harley Davidson Credit Corporation ("HDCC"), JPMorgan Chase and Branch Banking and Trust Company, which in some instances was duplicative of discovery sought in the H2D and JHD proceedings in the Eastern District of Wisconsin. The Cars' Parties filed objections to the Debtors' claim of exemptions, the first and second interim fee application of Debtors' counsel and confirmation of the Plan as well as the settlement between the Debtors and HDCC.

14.    The Debtors in turn were compelled to file objections to the proofs of claim of the Cars' Parties filed with this Court on the basis that such claims were inconsistent with the proofs of claims filed

in the JHD and H2D Wisconsin bankruptcy proceedings and the limitations on damages proscribed by Section 502(b)(6) of the Code in favor of guarantors as is widely accepted by this District.

15. On April 7, 2021, the CARS' Parties examined Eric Pomeroy under oath. The Cars' Parties suggested that they have grounds to object to the Debtors' discharge under Section 523 of the Bankruptcy Code, which the Debtors vigorously dispute. On May 27, 2021, the CARS Parties filed an adversary proceeding against the Debtors and Boardtracker Reinsurance Ltd. (Case no. 21-ap-00012-FMD). The adversary proceeding seeks a determination of the dischargeability of the Cars Parties debts pursuant to 11 U.S.C. Sections 523(a)(2)(A) and (B) and 523(a)(6).

16. In consideration of controverted issues, possible future disputes and the mutual desire to avoid the continuing accrual of fees and costs, as well as the uncertainty and delay of litigation, the Debtors and the Cars' Parties entered into settlement negotiations and have reached tentative terms of settlement in and between themselves that are embodied in a Settlement Agreement, a copy of which is attached hereto as **Exhibit "A"** (the "Settlement Agreement").

17. As a result of the efforts described above, the parties have agreed upon the terms expressed in the Settlement Agreement, which in brief, provides for: (a) a monthly payment of $1,500 over a term of 6 months (increasing to $2,500 after 6 months and $3,500 after 18 months) with interest 6% over a three year term with a balloon payment of $300,000 (less all interest paid) from Boardtracker Reinsurance Ltd. (the "Settlement Payment") to the Cars' Parties (b) discontinuing all pending litigation amongst the parties; (c) the Cars' Parties casting their votes in favor of the Debtor' plan of reorganization; and (d) the Debtors shall commit to a judgment in the amount of $3,803,993.95 in favor of the CARS' Parties which shall be held in abeyance and discharged upon receipt of full payment of $300,000 by the CARS Parties.

## BASIS FOR RELIEF

### *The Applicable Legal Standards for Approval*

18. Fed. R. Bankr. P. 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement of a controversy. The approval or rejection of a compromise or settlement is

left to the sound discretion of the Bankruptcy Court, which should approve the settlement when it is fair and equitable and in the best interests of the estate. *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998). There is a general policy that encourages settlements and favors compromises. *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes); see also *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988).

19. Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a). These factors include the following: (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets); and (d) the paramount interests of the creditors and a proper deference to their reasonable views. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied sub nom.*, *Wallace v. Justice Oaks II, Ltd.*, 498 U.S. 959 (1990); *Kay*, 223 B.R. at 820; see also 9 Collier on Bankruptcy ¶ 019.03[1] (15th ed. 1993) (noting that the settlement process "requires a bankruptcy judge to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal"). After duly reviewing these factors, a bankruptcy court can only be said to err in its approval of a settlement or compromise if it "fall[s] below the lowest point in the range of reasonableness." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007). Moreover, the decision of a bankruptcy trustee as to whether to settle any matter is to be considered a matter within the sound business judgment of the trustee. *In re Morgan*, 439 Fed. Appx. 795 (11th Cir. 2011).

20. In applying the above substantive legal standards to this case, the Debtors believe the factors set out in *Justice Oaks* strongly favor approval of the Settlement Agreement and the terms

embodied therein.

### A. Probability of success in the litigation

21. The Debtors believe that the continued contested litigation as to the allowance of the proofs of claims of the Cars' Parties is meritorious and would be vigorously defended. Similarly, The Cars' Parties have filed an adversary proceeding objecting to the discharge of their debts under Section 523 of the Bankruptcy Code which the Debtors' in turn would vigorously contest. The outcome of all such litigation is uncertain.

### B. Difficulties, if any, to be encountered in matter of collection

22. Collectability is not a significant factor here as the nature of the relief sought does not pertain to monies sought against the Cars' Parties.

### C. Complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending the litigation

23. The litigation between the Debtors and the Cars' Parties has a moderate level of complexity. Prior to the bankruptcy filing, the Debtors and the Cars' Parties were involved in protracted litigation pending in Wisconsin. Continued litigation will inevitably delay confirmation of the Debtors' plan of reorganization.

### D. The paramount interests of the creditors and a proper deference to their reasonable views

24. The Debtors' business judgment is that a settlement with the Cars' Parties as one of its largest creditors is beneficial to all of its creditors. The source of settlement payments to the Cars' Parties will be provided by from Boardtracker Reinsurance Ltd., which was obligated to the Cars' Parties pursuant to executed guarantees and is party to litigation commenced by the Cars Parties in against the Debtors in Wisconsin and the adversary proceeding before this Court. The result will not adversely impact the Debtors' projected income stream under its Plan of Reorganization. By obtaining the consent from the Cars' Parties to the Plan and resolving a multitude of litigation, the Debtors' have overcome a potential obstacle in advancing the case forward to confirmation of the case which is currently scheduled for June 24.

**WHEREFORE**, the Debtors respectfully request the entry of an Order for the reasons stated hereinabove, to approve the Settlement Agreement attached hereto and the terms of settlement contained therein, and for any other relief that may be appropriate and just and proper.

Dated this 18th day of June, 2021.

                                  Respectfully submitted,

                        **SHAPIRO LAW**

                        By:  */s/ Peter E. Shapiro*
                              Peter E. Shapiro, Esq.
                              Florida Bar No. 615511
                        8551 West Sunrise Boulevard, Suite 300
                        Plantation, Florida 33322
                        Tel.: (954) 315-1157
                        pshapiro@shapirolawpa.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 18th day of June, 2021 via CM/ECF, email or US first class mail as indicated on the Service List.

*/s/ Peter E. Shapiro*
Peter E. Shapiro, Esq.

**SERVICE LIST**

Marguerite Lee DeVoll on behalf of Creditor CAR BRD WI Berlin, LLC
mdevoll@WattTieder.com

Marguerite Lee DeVoll on behalf of Creditor CAR BRD WI Jane, LLC
mdevoll@WattTieder.com

Kathleen L DiSanto on behalf of Creditor CAR BRD WI Berlin, LLC
kdisanto@bushross.com, bnkecf@bushross.com;ksprehn@bushross.com

Kathleen L DiSanto on behalf of Creditor CAR BRD WI Jane, LLC
kdisanto@bushross.com, bnkecf@bushross.com;ksprehn@bushross.com

Kathleen L DiSanto on behalf of Plaintiff CAR BRD WI Berlin, LLC
kdisanto@bushross.com, bnkecf@bushross.com;ksprehn@bushross.com

Kathleen L DiSanto on behalf of Plaintiff CAR BRD WI Jane, LLC
kdisanto@bushross.com, bnkecf@bushross.com;ksprehn@bushross.com

Bert Echols, III on behalf of Creditor TD Auto Finance, LLC c/o Bert Echols Esq
bechols@evanspetree.com, sbruce@evanspetree.com

Daniel C Fleming on behalf of Creditor Harley-Davidson Credit Corporation
dfleming@wongfleming.com,
jeffrey@needlelaw.com;jmarrazo@wongfleming.com;rhomer@wongfleming.com

Christian G Haman on behalf of Creditor Thomas Deau
chaman@dallagolaw.com, kim@dallagolaw.com

Debra Jackson
djjtrustee1@gmail.com, cdj11@trustesolutions.net

Jennifer L Kneeland on behalf of Creditor CAR BRD WI Berlin, LLC
jkneeland@WattTieder.com, shope@watttieder.com

Jennifer L Kneeland on behalf of Creditor CAR BRD WI Jane, LLC
jkneeland@WattTieder.com, shope@watttieder.com

Benjamin E. Lambers on behalf of U.S. Trustee United States Trustee - FTM
Ben.E.Lambers@usdoj.gov

Joseph J Marrazo on behalf of Creditor Harley-Davidson Credit Corporation
jmarrazo@wongfleming.com

David C Moore on behalf of Creditor J.M. Kutter Properties LLC
dmoore@nowlan.com

Michael D. Morris on behalf of Creditor Wisconsin Dept of Revenue
morrismd@doj.state.wi.us, kennedyms@doj.state.wi.us

John N Muratides on behalf of Creditor C/o John Muratides CFF Collection, LLC
jmuratides@stearnsweaver.com, lwade@swmwas.com

Jeffrey J Needle on behalf of Creditor Harley-Davidson Credit Corporation
jeffrey@needlelaw.com

Shannon M. Puopolo on behalf of Creditor Byline Bank
shannon.puopolo@henlaw.com, denise.lunsford@henlaw.com;nickie.stewart@henlaw.com

William R. Pursell on behalf of Creditor Wisconsin Dept of Revenue
pursellw@dor.state.fl.us, wrpursell@comcast.net

Chad C Spraker on behalf of Creditor United States (Internal Revenue Service)
chad.spraker@usdoj.gov,
Beverly.Lanier@usdoj.gov;Renee.Erhardt@usdoj.gov;usaflm.ecf@usdoj.gov;tpadocket.mailbox@usdoj.gov

United States Trustee - FTM
USTPRegion21.TP.ECF@USDOJ.GOV

# EXHIBIT "A"