SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "**Agreement**") is made effective as of this _____ day of May 2021, by and between Sara J. Pomeroy and Eric D. Pomeroy (collectively, the "**Pomeroys**" or the "**Debtors**"), Boardtracker Reinsurance, Ltd. ("**Boardtracker**"), and CAR BRD WI Berlin, L.L.C. and its successors and assigns ("**CAR Berlin**") and CAR BRD WI Jane, L.L.C. and its successors and assigns ("**CAR Jane**", collectively with CAR Berlin, the "**CARS Parties**").  The Pomeroys, Boardtracker, and the CARS Parties are collectively, the "**Parties**".

**WHEREAS**, on June 16, 2016, CAR Berlin, as landlord, and H2D Motorcycle Ventures, LLC ("**H2D**"), as tenant, entered into a lease agreement (the "**New Berlin Lease**") for non-residential real property located at 1925 S. Moorland Road, New Berlin, Wisconsin 53151 (the "**New Berlin Premises**").

**WHEREAS**, on June 16, 2016, CAR Jane, as landlord, and JHD Holdings, Inc. ("**JHD**"), as tenant, entered into a lease agreement (the "**Janesville Lease**", collectively, with New Berlin Lease, the "**Leases**") for non-residential real property located at 2600 Morse Street, 3223 N. Pontiac Drive, and 3301 N. Pontiac Drive, Janesville, Wisconsin 53545 (the "**Janesville Premises**", collectively, with the New Berlin Premises, the "**Premises**").

**WHEREAS**, on June 16, 2016, the Pomeroys executed: (i) an Individual Guaranty and Subordination Agreement (the "**New Berlin Individual Guaranty**"), personally guaranteeing all of H2D's obligations under the New Belin Lease, jointly and severally; and (ii) an Individual Guaranty and Subordination Agreement (the "**Janesville Individual Guaranty**"), personally guaranteeing all of JHD's obligations under the Janesville Lease, jointly and severally.

**WHEREAS**, on June 16, 2016, Boardtracker executed: (i) a Corporate Guaranty and Subordination Agreement (the "**New Berlin Corporate Guaranty**"), personally guaranteeing all of H2D's obligations under the New Berlin Lease; and (ii) a Corporate Guaranty and Subordination Agreement (the "**Janesville Corporate Guaranty**").  The New Berlin Individual Guaranty, the New Berlin Corporate Guaranty, the Janesville Guaranty, and the Janesville Corporate Guaranty are collectively, the "**Guarantees**."  The Guarantees are guarantees of payment and performance of the Leases and not mere collection.

**WHEREAS**, H2D and JHD (the "**Tenants**") and the Pomeroys and Boardtracker subsequently defaulted under the Leases and the Guarantees, respectively.

**WHEREAS**, on July 17, 2019, the Tenants each filed a voluntary bankruptcy petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Wisconsin commencing case numbers 19-26914 (H2D) and 19-26915 (JHD) (the "**Tenant Bankruptcy Cases**").  The cases were jointly administered under case number 19-26914 until June 18, 2020 when the cases were converted to chapter 7.

**WHEREAS**, on April 20, 2020, the CARS Parties commenced a lawsuit under the Guarantees against Boardtracker and the Pomeroys in the Circuit Court for Waukesha County, Wisconsin commencing case number 2020CV000609 (the "**Wisconsin State Court Action**").

**WHEREAS**, on December 2, 2020, the Pomeroys filed a voluntary petition under subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**"), commencing case number 2:20-bk-08857-FMD (the "**Bankruptcy Case**").

**WHEREAS**, on January 27, 2021, the CARS Parties filed an *Objection* to the Pomeroys' claim of certain exemptions (Doc. No. 66) (the "**Exemption Objection**").

**WHEREAS**, on January 28, 2021, the Pomeroys filed their *Plan of Reorganization under Chapter 11, Subchapter V* (Doc. No. 67) (the "**Plan**").

**WHEREAS**, on February 9, 2021, the CARS Parties timely filed Claim No. 16 and Claim No. 17 in the amount of $6,452,877.06 and $3,158,672.96, respectively (together the "**CARS Claims**"), against the Pomeroys, jointly and severally.

**WHEREAS**, on February 11, 2021, the Pomeroys filed a *Motion for an Order Approving: (1) Terms of Compromise and Settlement with Harley-Davidson Credit Corporation; and (2) Incorporated Settlement Agreement* (Doc. No. 92) (the "**Harley Settlement**").

**WHEREAS**, on March 2, 2021, the CARS Parties voted to reject the Pomeroys' Plan.

**WHEREAS**, on March 3, 2021, the CARS Parties objected to: (i) the Pomeroys' Plan (Doc. No. 134) (the "**Plan Objection**"); and (ii) the Harley Settlement (Doc. No. 132) (the "**Settlement Objection**").

**WHEREAS**, on March 1, 2, and 5, the Pomeroys filed objections (the "**Claim Objections**") to the CARS Claims.

**WHEREAS**, on March 5, 2021, the CARS Parties filed a motion for temporary allowance of their claims for purposes of voting on the Plan (Doc. No. 138) (the "**Motion for Temporary Allowance**").

**WHEREAS**, on March 9, 2021, the CARS Parties filed an objection (Doc. No. 155) (the "**Fee Objection**") to the First Interim Fee Application of Counsel for the Debtors (Doc. No. 95) (the "**Fee Application**").

**WHEREAS**, on April 1, 2021, the CARS Parties filed a Supplement to the Motion for Temporary Allowance (Doc. No. 196) (the "**Supplement**"), agreeing to apply the cap under section 502(b)(6) of the Bankruptcy Code, which results in claims of $2,290,826.32 (CAR Berlin) and $1,513,167.63 (CAR Jane).

**WHEREAS**, on April 5, 2021, the CARS Parties filed a *Response* (Doc. No. 199) to the Claim Objections restating that the CARS Parties agreed to apply the section 502(b)(6) cap.

**WHEREAS**, on April 16, 2021, the Bankruptcy Court entered an *Order* extending the deadlines for the CARS Parties to file a complaint under sections 523 and 727 of the Bankruptcy Code to April 29, 2021, which has subsequently been extended to May 27, 2021 (the "**Discharge Deadline**").

**WHEREAS**, on May 27, 2021, the CARS Parties filed that certain Complaint to Object to Dischargeability and Discharge of Debt pursuant to sections 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6) against the Debtors (the "**Dischargeability Complaint**").

**WHEREAS**, the Parties desire to resolve the ongoing disputes and litigation between the Parties, including but not limited to the Dischargeability Complaint pursuant to the terms herein.

**NOW, THEREFORE, IN CONSIDERATION** of the mutual and/or reciprocal promises and obligations set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    <u>Bankruptcy Court Approval.</u>  This Agreement is subject to final approval by the Bankruptcy Court.  Upon the execution of this Agreement, the Pomeroys shall promptly file a motion pursuant to Bankruptcy Rule 9019 (the "**9019 Motion**").  In the event that the Bankruptcy Court does not approve this Agreement or there is a final, non-appealable order of an appellate court reversing an order of the Bankruptcy Court, then except as provided herein at Section 8, this Agreement shall be null and void with the Parties returning to their respective positions with no rights waived.

2.    <u>Allowed Claim.</u>  The Pomeroys stipulate and agree that CAR Berlin shall have an allowed, unsecured claim in the amount of $2,290,826.32 (the "**Agreed CAR Berlin Claim**") against the Pomeroys, jointly and severally.  The Pomeroys stipulate and agree that CAR Jane shall have an allowed, unsecured claim in the amount of $1,513,167.63 (the "**Agreed CAR Jane Claim**") against the Pomeroys, jointly and severally.  The Agreed CAR Berlin Claim and the Agreed CAR Jane collectively total $3,803,9993.95 (the "**Agreed Capped Claim**").

3.    <u>Payment.</u>

    (a)    Boardtracker agrees to pay a total of Three Hundred Thousand Dollars and No Cents ($300,000.00) (the "**Settlement Amount**") to the CARS Parties as set forth in this Section.

        (1)    Boardtracker shall pay the Settlement Amount to the CARS Parties on a monthly basis beginning on July 1, 2021 in the amount set forth in the payment schedule attached as **Exhibit "A"** continuing on a monthly basis therefore for a period of 36 months ("**Settlement Payment(s)**").

        (2)    The Settlement Payments shall be made payable by wire transfer or certified funds and must be received on or before 11:59 p.m. EST on the dates specified in this Agreement.

        (3)    Notwithstanding the foregoing, nothing contained herein shall preclude the Pomeroys and/or Boardtracker from making advanced payments or otherwise pre-pay the Settlement Payments.  If the Pomeroys and/or Boardtracker pay the remaining principal balance of the Settlement Amount on or before December 15, 2023, then the CARS Parties agree to re-characterize all interest payments made

between June 15, 2021 and December 15, 2023 as principal payments thereby reducing the total amount needed to pay-off the Settlement Amount on or before December 15, 2023.

(b)    In the event that Boardtracker fails to pay a Settlement Payment in full on or before its due date as set forth in Exhibit "A", or any of the Settlement Payments are returned for insufficient funds then Boardtracker and the Pomeroys shall be in breach of this Agreement, an Event of Default shall have occurred and the CARS Parties and their successors and assigns, at their election, may enforce any rights or remedies available them under this Agreement, including entry of and enforcement of the Stipulated Judgment and exercising their rights under Sections 4 and 5 herein.

4.    <u>Escrowed Stipulated Judgments.</u>

(a)    As security for performance by Boardtracker of its payment obligations under Section 3, the Boardtracker and the Pomeroys shall sign and deliver to the CARS Parties: (i) completed Acceptance and Waiver of Service of Process form (the "**Waiver Form**"); (ii) a Joint Motion for Entry of Order Approving Dismissal Pursuant to Settlement Agreement (the "**State Court Settlement Motion**"); (iii) a Consent Order approving State Court Settlement Motion (the "**Settlement Order**"); (iv) a Joint Motion for Entry of a Stipulated Final Judgment (the "**Judgment Motion**"); (vii) a Stipulated Final Judgment for the amount of the Agreed Capped Claim (the "**Stipulated Judgment**"), as attached hereto and incorporated herein collectively as **Exhibit "B".**

(b)    The Pomeroys, and to the extent applicable, Boardtracker, agree that upon approval of the 9019 Motion, the automatic stay under section 362 of the Bankruptcy Code shall be modified to permit the CARS Parties to file a new case (the "**Florida State Court Case**") in order to file the Waiver Form, State Court Settlement Motion, and Settlement Order, including, but not limited to, filing any appropriate pleadings and/or motion with the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida (the "**Florida State Court**").  Boardtracker and the Pomeroys further agree to cooperate with the CARS Parties to facilitate the entry of the Settlement Order in the Florida State Court and to execute any such further documents and/or pleadings as may be necessary to effectuate the intent of this Section 4.

(c)    The Judgment Motion and Stipulated Judgment will be held in escrow by the CARS Parties pending full payment of the Settlement Amount.  Upon a default, including an Event of Default under this Agreement, or, if applicable, a failure to make a Settlement Payment or return of a Settlement Payment as set forth in Section 3, the CARS Parties will have all rights and remedies in enforcing the Stipulated Judgment, including but not limited to, taking any necessary action to re-open the Florida State Court Case to file

the Judgment Motion and Stipulated Judgment.  Boardtracker and the Pomeroys hereby waive any rights to notice, service of process, or an opportunity to defend the Consent Motion or entry of the Stipulated Judgment, and further waive any right to a jury trial or to appeal the Stipulated Judgment.  Boardtracker and the Pomeroys further waive any right to contest any collection actions made in connection with the Stipulated Judgment, if entered.  Boardtracker and the Pomeroys stipulate and agree that venue in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida is proper and such court has jurisdiction to hear the Consent Motion and enter the Stipulated Judgment. Boardtracker and the Pomeroys further agree to cooperate with the CARS Parties to facilitate the entry of the Stipulated Judgment in the Florida State Court Case and to execute any such further documents and/or pleadings as may be necessary to effectuate the intent of this Section 4.  Boardtracker and the Pomeroys agree that the entire Stipulated Judgment is non-dischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(6) and Boardtracker and the Pomeroys expressly waive any rights and/or defenses to contest the non-dischargeability of the Stipulated Judgment.  The agreement of Boardtracker and the Pomeroys to: (i) the non-dischargeability of the Stipulated Judgment; (ii) waiver any rights to contest and defend the Consent Motion and Stipulated Judgment, notice, service of process, jury trial, and appeal; and (iii) to cooperate in entry of the Stipulated Judgment are material inducements to the CARS Parties in entering into this Agreement.

5.    Default.

   (a)    Event of Default.  The following constitute an event of default ("**Event of Default**") under this Agreement:

      (1)    Boardtracker fails to pay in full any of the Settlement Payments on or before their due dates, or any of the Settlement Payments are returned for insufficient funds.

      (2)    The Pomeroys fail to meet any of the requirements and perform any of the agreements set forth in this Agreement.  Time is of the essence.

      (3)    The Pomeroys and Boardtracker fail to meet any obligation under this Agreement.

   (b)    Remedies Upon an Event of Default:  In addition to whatever rights and remedies the CARS Parties may under applicable state and/or federal law, upon an Event of Default, the CARS Parties shall have the following rights and/or remedies:

      (1)    Upon an Event of Default, the Pomeroys and Boardtracker shall be immediately jointly and severally responsible for the entire

Stipulated Judgment.

(2)     Upon an Event of Default, to the extent not otherwise terminated and/or modified by this Agreement, the Bankruptcy Code, or order of the Bankruptcy Court, the automatic stay under section 362 of the Bankruptcy Code shall be automatically terminated without further order of the Bankruptcy Court so that the CARS Parties may immediately take any and all action permitted by applicable law to seek entry of and enforcement of the Stipulated Judgment against the Pomeroys and Boardtracker, including but not limited to filing any necessary pleadings to re-open the Florida State Court Case, the Consent Motion, and the Stipulated Judgment.

(3)     Upon an Event of Default, the CARS Parties shall be entitled to all of their attorneys' fees and all costs incurred to enforce the Stipulated Judgment.

(c)     Upon an Event of Default under this Agreement, this Agreement shall operate as an omnibus notice so that the Pomeroys and Boardtracker expressly waive any right to notice of such Event of Default.

6.      <u>CARS Parties' Agreement to Forbear.</u>  Provided that there has been no Event of Default as provided herein in Section 10, the CARS Parties shall forbear on their rights to seek entry of and enforce the Stipulated Judgment and pursue collection against the Pomeroys.  The Pomeroys waive any right to contest any such collection actions undertaken by the CARS Parties in connection with seeking entry and enforcement of the Stipulated Judgment following the occurrence of an Event of Default.

7.      <u>Release of Stipulated Judgment.</u>  Provided that there has been no Event of Default as provided herein in Section 5, upon payment in full of the Settlement Amount, the Stipulated Judgment shall be null and void and shall be returned to the Pomeroys and Boardtracker.

8.      <u>Withdrawal of Objections/Plan Support.</u>  Provided that this Agreement is approved by the Bankruptcy Court, the Parties further agree as follows:

(a)     The CARS Parties shall withdraw their: (i) Plan Objection; (ii) Exemption Objection; (iii) Settlement Objection; and (iv) the Fee Application.

(b)     The Debtors will withdraw their Claim Objections within 2 business days of entry of an order approving the 9019 Motion, and, as set forth in Section 2, agree that the CARS Parties have allowed claims in the amount of the Agreed Capped Claim.

(c)     The CARS Parties will support and vote in favor of the Plan.

(d)     Withing 2 business days of the Florida State Court's entry of the Settlement Order, the CARS Parties will dismiss the Wisconsin State Court Action against the Pomeroys and Boardtracker.

(e)    Within 2 business days of the Florida State Court's entry of the Settlement Order, the CARS Parties will dismiss the Dischargeability Complaint.

9.    <u>Consent to Deadline Extension and Tolling.</u>  While the 9019 Motion is pending, the Pomeroys agree and consent that the Discharge Deadline to commence a suit under 11 U.S.C. § 727 shall be tolled until entry of an order by the Bankruptcy Court approving or not approving the 9019 Motion and this Agreement.  The Pomeroys further agree that in the event that the Settlement Agreement is not approved by the Bankruptcy Court, the Pomeroys consent to extend the Discharge Deadline for fourteen (14) days from the date of the entry of the order of the Bankruptcy Court denying such approval.  This Section 9 shall survive the termination of this Agreement.

10.    <u>Releases.</u>

(a)    <u>The Pomeroys' and Boardtracker's Release.</u>  Subject to the terms of this Agreement, upon approval of this Agreement by the Bankruptcy Court, the Pomeroys and Boardtracker on their own behalf and on behalf of their consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind, and their successors and assigns (collectively, the "**Pomeroy Releasing Parties**"), shall release and forever discharge the CARS Parties and their successors and assigns, including without limitation, its affiliates, its subsidiaries, parents, agents, members, stockholders, officers, directors, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind (the "**CARS Released Parties**") from each and every actual or potential right, claim, debt, cause of action, demand, losses, penalties, costs, expenses, attorneys' fees, liabilities, indemnities, suit for damages, promises, act or right of action of any nature whatsoever, whether at law or in equity, including, without limitation, those related to the Leases, the Guarantees, the Wisconsin State Court Action, the Bankruptcy Case, whether known or unknown, liquidated or unliquidated, direct or indirect, due or to become due, contingent or other otherwise, suspected or unsuspected, asserted or unasserted, which the Pomeroy Releasing Parties now have or hold, or at any time heretofore have ever had or held, that were raised or of could have been raised against the CARS Released Parties.  The Pomeroy Releasing Parties and the CARS Released Parties specifically agree that the terms of this Agreement contemplate, provide for, release and resolve whatever claims, whether based on the Leases or the Guarantees, common law or otherwise, that the Pomeroy Releasing Parties may have against the CARS Released Parties, related to, arising from, in any manner, either the Leases, the Guarantees, the Wisconsin State Court Action, and the Bankruptcy Case, as of the Effective Date of this Agreement.

(b)    <u>The CARS Parties' Release.</u>  Subject to the terms of this Agreement, upon approval of this Agreement by the Bankruptcy Court, the CARS Parties (collectively, the "**CARS Releasing Parties**"), shall release and forever discharge the Pomeroys and Boardtracker (the "**Pomeroy Released**

**Parties**") from each and every actual or potential right, claim, debt, cause of action, demand, losses, penalties, costs, expenses, attorneys' fees, liabilities, indemnities, suit for damages, promises, act or right of action of any nature whatsoever, whether at law or in equity related to the Leases, the Guarantees, the Wisconsin State Court Action, the Bankruptcy Case, whether known or unknown, liquidated or unliquidated, direct or indirect, due or to become due, contingent or other otherwise, suspected or unsuspected, asserted or unasserted, which the CARS Releasing Parties now have or hold, or at any time heretofore have ever had or held, that were raised or of could have been raised against the Pomeroy Released Parties. Except for the obligations set forth in, created by, arising out of, or reserved by this Agreement, the CARS Releasing Parties and the Pomeroy Released Parties specifically agree that the terms of this Agreement contemplate, provide for, release and resolve whatever claims, whether based on the Leases or the Guarantees, common law or otherwise, that the CARS Releasing Parties may have against the Pomeroy Released Parties, related to, arising from, in any manner, either the Leases, the Guarantees, the Wisconsin State Court Action, and the Bankruptcy Case, as of the Effective Date of this Agreement. Excluded from the CARS Releasing Parties' Release are any and all claims and rights that the CARS Parties may have under this Agreement against the Pomeroys or Boardtracker as a result of the breach of this Agreement by the Pomeroys or Boardtracker, including but not limited to any and all rights and remedies the CARS Parties have to enforce the terms of this Agreement and the Stipulated Judgment against the Pomeroys or Boardtracker. Excluded from the CARS Releasing Parties Release are any and all claims and rights that the CARS Parties may have against the Tenants and their successors and assigns, including but not limited to in the Tenant Bankruptcy Cases.

11. <u>Agreement Binding on Successors:</u>  This Agreement shall be binding upon the successors, heirs and assignees of the Parties.

12. <u>Amendments:</u>  This Agreement may not be orally modified.  This Agreement may only be modified in a writing signed by all of the Parties.

13. <u>Waiver and Modification:</u>  The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

14. <u>Severability:</u>  The invalidity or enforceability of any particular provision of this Agreement shall not affect the other provisions of this Agreement and the Agreement shall be construed as if the invalid or unenforceable provisions were omitted.

15. <u>Headings:</u>  All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of this Agreement.

16.     <u>Construction:</u>  As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary.  "Person" shall include natural persons, corporations, partnerships, or any other entity which by law is treated as or has the rights of a natural person.

17.     <u>Legal Fees and Costs:</u>  Except as expressly provided in this Agreement, each of the Parties shall pay its own respective costs and attorney's fees incurred with respect to this Agreement.

18.     <u>Preparation of Agreement and Construction:</u>  This Agreement has been prepared jointly by each of the Parties, with a full opportunity for the Parties to negotiate its terms with the assistance of counsel for all Parties.  Accordingly, any rule of law or legal decision that would require interpretation of any ambiguities in this Agreement against the party that drafted it is not applicable and is waived.

19.     <u>Choice of Law:</u>  This Agreement shall be governed by and construed in accordance with the laws of the State of Florida (regardless of the laws that might otherwise govern under applicable Florida principles of conflicts of law) as to all matters, including but not limited to matters of validity, construction, effect, performance and remedies.

20.     <u>Counterparts and Electronic Signatures:</u>  This Agreement may be executed in one or more counterparts and all such counterparts when so executed shall together constitute the final agreement as if the Parties had signed on document.  This Agreement may be executed by electronic copy and each signature thereto shall be and constitute an original signature, again as if all Parties had signed a single original document.

21.     <u>Notice:</u>  Any and all notices required or permitted under this Agreement shall be in writing and shall be sent via both electronic mail and either regular mail or by overnight delivery to the respective parties at the following addresses, unless and until a different address has been designated by written notice to the Parties:

If to the Pomeroys and Boardtracker:

Eric D. Pomeroy
Sara J. Pomeroy
13 Sabre Lane
Naples, Florida 34102

with a copy to:

Peter E. Shapiro, Esq.
Shapiro Law
8551 West Sunrise Boulevard, Suite 3000
Plantation, Florida 33322
pshapiro@shapirolawpa.com

If to the CARS Parties:

Stephanie Rochel
Senior Vice President & General Counsel
Capital Automotive Real Estate Services, Inc.
8484 Westpark Drive, Suite 200
McLean, Virginia 22102
srochel@capitalautomotive.com
notices@capitalautomotive.com

with a copy to:

Jennifer L. Kneeland, Esq.
Marguerite Lee DeVoll, Esq.
Watt, Tieder, Hoffar & Fitzgerald, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
jkneeland@watttieder.com

mdevoll@watttieder.com

**IN WITNESS WHEREOF**, the Parties have executed this Agreement under seal on the day and year set forth above.

**ERIC D. POMEROY**

_____

**SARA J. POMEROY**

_____

**BOARDTRACKER REINSURANCE, LTD.,**
**a company incorporated under the laws of the Turks**
**and Caicos Islands**

By: _____
Name: Sara J. Pomeroy
Its:    President

**CAR BRD WI BERLIN L.L.C.,**
**a Delaware limited liability company**

By:    Capital Automotive Real Estate Services, Inc.
        a Delaware corporation
        its Manager

        By: _____
        Name:_____
        Title: _____

**CAR BRD WI JANE L.L.C.,**
**a Delaware limited liability company**

By:    Capital Automotive Real Estate Services, Inc.
        a Delaware corporation
        its Manager

        By: _____
        Name:_____
        Title: _____

10

**Exhibit "A"**

**36-Month Payment Schedule**

**Exhibit "B"**

**Waiver Form, State Court Settlement Motion, Settlement Order, Consent Motion, and Stipulated Judgment**

**IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT,
IN AND FOR COLLIER COUNTY, FLORIDA**

CAR BRD WI BERLIN L.L.C. and         Case No: _____
CAR BRD WI JANE L.L.C.,

        Plaintiffs

v.

ERIC D. POMEROY,
SARA J. POMEROY, and
BOARDTRACKER REINSURANCE, LTD.

_____ Defendants. _____ /

**<u>ACCEPTANCE AND WAIVER OF PROCESS BY SHERIFF</u>**

        COMES NOW, Eric D. Pomeroy, Defendant in the above-styled cause and hereby acknowledges receipt of Plaintiffs' request that I waive service of process in the lawsuit of *CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C. v. Eric D. Pomeroy, Sara J. Pomeroy and Boardtracker Reinsurance, Ltd.* in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida.

        I hereby acknowledge receipt of a copy of the petition in this action and in doing so accept service of same and specifically waive formal service of process by Sheriff or other person duly authorized to serve process in the State of Florida.

        DATED this __ day of _____, 2021.

                            _____
                            Eric D. Pomeroy
                            13 Sabre Lane
                            Naples, Florida 34102

STATE OF FLORIDA
COUNTY OF COLLIER

Sworn to or affirmed and signed before me on _____ by _____.

                            _____
                            NOTARY PUBLIC OR DEPUTY CLERK

                            _____
                            [Print, type, or stamp commissioned name of
                            notary or deputy clerk.]

___Personally known     ____ Produced identification [Type of identification produced ____ ____]

1

**IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT,
IN AND FOR COLLIER COUNTY, FLORIDA**

CAR BRD WI BERLIN L.L.C. and                    Case No: _____
CAR BRD WI JANE L.L.C.,

     Plaintiffs

v.

ERIC D. POMEROY,
SARA J. POMEROY, and
BOARDTRACKER REINSURANCE, LTD.

_____Defendants._____/

<u>**ACCEPTANCE AND WAIVER OF PROCESS BY SHERIFF**</u>

     COMES NOW, Sara J. Pomeroy, Defendant in the above-styled cause and hereby acknowledges receipt of Plaintiffs' request that I waive service of process in the lawsuit of *CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C. v. Eric D. Pomeroy, Sara J. Pomeroy and Boardtracker Reinsurance, Ltd.* in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida.

     I hereby acknowledge receipt of a copy of the petition in this action and in doing so accept service of same and specifically waive formal service of process by Sheriff or other person duly authorized to serve process in the State of Florida.

     DATED this ___ day of _____, 2021.

                          _____
                          Sara J. Pomeroy
                          13 Sabre Lane
                          Naples, Florida 34102

STATE OF FLORIDA
COUNTY OF COLLIER

Sworn to or affirmed and signed before me on _____ by _____.

                          _____
                          NOTARY PUBLIC OR DEPUTY CLERK

                          _____
                          [Print, type, or stamp commissioned name of
                          notary or deputy clerk.]

___Personally known ____ Produced identification [Type of identification produced ____ ____]

1

**IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT,
IN AND FOR COLLIER COUNTY, FLORIDA**

CAR BRD WI BERLIN L.L.C. and           Case No: _____
CAR BRD WI JANE L.L.C.,

       Plaintiffs

v.

ERIC D. POMEROY,
SARA J. POMEROY, and
BOARDTRACKER REINSURANCE, LTD.

_____Defendants._____/

**ACCEPTANCE AND WAIVER OF PROCESS BY SHERIFF**

       COMES NOW, Boardtracker Reinsurance, Ltd., Defendant in the above-styled cause and hereby acknowledges receipt of Plaintiffs' request that I waive service of process in the lawsuit of *CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C. v. Eric D. Pomeroy, Sara J. Pomeroy and Boardtracker Reinsurance, Ltd.* in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida.

       I hereby acknowledge receipt of a copy of the petition in this action and in doing so accept service of same and specifically waive formal service of process by Sheriff or other person duly authorized to serve process in the State of Florida.

       DATED this ___ day of _____, 2021.

                          **BOARDTRACKER REINSURANCE, LTD.**

                          _____

                          By: Sara J. Pomeroy
                          Its: President and Authorized Representative

STATE OF FLORIDA
COUNTY OF COLLIER

Sworn to or affirmed and signed before me on _____ by _____.

                          _____

                          NOTARY PUBLIC OR DEPUTY CLERK

                          _____

                          [Print, type, or stamp commissioned name of notary or deputy clerk.]

___Personally known    _____ Produced identification [Type of identification produced _____ ____]

1

**IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT,**
**IN AND FOR COLLIER COUNTY, FLORIDA**

CAR BRD WI BERLIN L.L.C. and               Case No: _____
CAR BRD WI JANE L.L.C.,

      Plaintiffs

v.

ERIC D. POMEROY,
SARA J. POMEROY, and
BOARDTRACKER REINSURANCE, LTD.

      Defendants.                              /

**JOINT MOTION FOR ENTRY OF DISMISSAL ORDER**
**PURSUANT TO SETTLEMENT AGREEMENT**

Plaintiffs CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C. ("Plaintiffs")

and Defendants Eric D. Pomeroy, Sara J. Pomeroy and Boardtracker Reinsurance, Ltd.

("Defendants"), through their respective counsel, hereby respectfully and jointly move for entry

of the Order Accepting Settlement (the "Order") attached hereto as **Exhibit "1"**, and in support

therefore, state:

WHEREAS, on December 2, 2020, Defendants Eric D. Pomeroy and Sara J. Pomeroy (the

"Pomeroys") filed a voluntary chapter 11 petition for relief in the United States Bankruptcy Court

for the Middle District of Florida (the "Bankruptcy Court"), Case No. 2:20-bk-08857-FMD (the

"Pomeroy Bankruptcy").

WHEREAS, on May 27, 2021, Plaintiffs filed an adversary proceeding in the Bankruptcy

Court against the Pomeroys seeking determination that certain debts arising from guarantees of

commercial leases owed to Plaintiffs are non-dischargeable under section 523 of the Bankruptcy

Code, commencing case number 2:21-ap-00012-FMD (the "Adversary Proceeding").

1

WHEREAS, on June __, 2021, Plaintiffs, the Pomeroys, and Defendant Boardtracker Reinsurance, Ltd., entered into a Settlement Agreement and Release (the "<u>Settlement Agreement</u>") resolving, among other things, the Adversary Proceeding.  A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "2".**

WHEREAS, on _____, 2021, the Bankruptcy Court entered an order (the "**Bankruptcy Order**") approving the Settlement Agreement and the automatic stay under the Bankruptcy Code was lifted to permit Plaintiffs to file this instant action.  A true and correct copy of the Bankruptcy Order is attached hereto as **Exhibit "3"**.

WHEREAS, pursuant to the Settlement Agreement, the parties further agreed to dismiss the instant action, without prejudice to Plaintiffs' ability to re-open the case to seek entry of a Stipulated Final Judgment in the Event of Default under the Settlement Agreement.

NOW THEREFORE, Plaintiffs and Defendants stipulate to entry of the Order attached hereto as Exhibit "1".

[SIGNATURE PAGE FOLLOWS]

CAR BRD WI BERLIN L.L.C.,
a Delaware limited liability company

By:     Capital Automotive Real Estate Services, Inc.
        a Delaware corporation
        its Manager

        By: _____
        Name:_____
        Title: _____


CAR BRD WI JANE L.L.C.,
a Delaware limited liability company

By:     Capital Automotive Real Estate Services, Inc.
        a Delaware corporation
        its Manager

        By: _____
        Name:_____
        Title: _____


_____          Date: _____
Kathleen L. DiSanto, Esq.
Counsel for Plaintiffs, CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C.


BOARDTRACKER REINSURANCE, LTD.


By: _____
Name: Sara J. Pomeroy
Title: President and Authorized Representative


ERIC D. POMEROY


_____

SARA J. POMEROY


_____


_____        Date: _____
Peter Shapiro, Esq.
Counsel for Defendants, Eric D. Pomeroy and Sara J. Pomeroy

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on _____, 2021, I caused a true copy of the foregoing to be electronically filed with the Clerk of Court through the Florida Courts eFiling Portal and I caused a true copy of the foregoing to be served via e-mail to Peter Shapiro, Esq., counsel for Defendants.

By:_____
Kathleen L. DiSanto, Esq.
Florida Bar No. 58512
kdisanto@bushross.com
BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida  33601-3913
(813) 224-9255 (telephone)
 (813) 223-9620 (fax)
*Counsel for Plaintiffs*

**IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT,**
**IN AND FOR COLLIER COUNTY, FLORIDA**

CAR BRD WI BERLIN L.L.C. and        Case No: _____
CAR BRD WI JANE L.L.C.,

      Plaintiffs

VS

ERIC D. POMEROY,
SARA J. POMEROY, and
BOARDTRACKER REINSURANCE, LTD.

_____Defendants._____/

## ORDER ACCEPTING SETTLEMENT AGREEMENT

This action came before the Court on the parties' request for acceptance of the Settlement Agreement dated June __, 2021 (the "Settlement Agreement") executed by and among the parties, and the court being fully advised, it is

ORDERED AND ADJUDGED that:

1.      The Settlement Agreement executed by and among the parties is hereby accepted, confirmed, and made an order of this Court; and

2.      This action is dismissed, provided, however, the Court retains jurisdiction to enforce the terms of the Settlement Agreement which shall include entry of a Stipulated Final Judgment in the event that Defendants default under the terms of the Settlement Agreement; and

3.      Plaintiff's rights against the Defendants asserted in this action are hereby tolled until July 1, 2025.

DONE AND ORDERED in Naples, Collier County Florida, this _____ day of _____, 20__.

_____
Circuit Court Judge

1

cc: CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C. c/o Kathleen L. DiSanto, Esq.
Eric D. Pomeroy, Sara J. Pomeroy, Boardtracker Reinsurance, Ltd. c/o Peter Shapiro, Esq.

**IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT,**
**IN AND FOR COLLIER COUNTY, FLORIDA**

CAR BRD WI BERLIN L.L.C. and                    Case No: _____
CAR BRD WI JANE L.L.C.,

      Plaintiffs

v.

ERIC D. POMEROY,
SARA J. POMEROY, and
BOARDTRACKER REINSURANCE, LTD.

      Defendants.                  /

**JOINT MOTION FOR STIPULATED FINAL JUDGMENT**

      Plaintiffs, CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C. (collectively, the "Plaintiffs") and Defendants Eric D. Pomeroy, Sara J. Pomeroy and Boardtracker Reinsurance, Ltd. (collectively, the "Defendants"), hereby respectfully move for entry of the Stipulated Final Judgment (the "Judgment") attached hereto as **Exhibit "1"** against the Defendants, and in support therefore, state as follows:

      WHEREAS, Defendants are in default under the terms of that certain Settlement Agreement and Release dated June __, 2021 (the "Settlement Agreement"); and

      WHEREAS, pursuant to the Settlement Agreement, in the event of default under the Settlement Agreement, Defendants waived their right to defend or otherwise contest the filing of this instant Motion and entry of the Judgment.

      NOW THEREFORE, Plaintiffs and Defendants stipulate to entry of the Judgment attached hereto as Exhibit "1".

[SIGNATURE PAGE FOLLOWS]

1

CAR BRD WI BERLIN L.L.C.,
a Delaware limited liability company

By:    Capital Automotive Real Estate Services, Inc.
        a Delaware corporation
        its Manager

        By: _____
        Name:_____
        Title: _____


CAR BRD WI JANE L.L.C.,
a Delaware limited liability company

By:    Capital Automotive Real Estate Services, Inc.
        a Delaware corporation
        its Manager

        By: _____
        Name:_____
        Title: _____



_____      Date: _____
Kathleen L. DiSanto, Esq.
Counsel for Plaintiffs, CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C.



BOARDTRACKER REINSURANCE, LTD.


By: _____
Name: Sara J. Pomeroy_____
Title: President and Authorized Representative


ERIC D. POMEROY


_____

SARA J. POMEROY


_____


_____    Date: _____
Peter Shapiro, Esq.
Counsel for Defendants, Eric D. Pomeroy and Sara J. Pomeroy

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on _____, 20___, I caused a true copy of the foregoing to be electronically filed with the Clerk of Court through the Florida Courts eFiling Portal and I caused a true copy of the foregoing to be served via e-mail to Peter Shapiro, Esq., counsel for Defendants.

                          By:_____
                          Kathleen L. DiSanto, Esq.
                          Florida Bar No. 58512
                          kdisanto@bushross.com
                          BUSH ROSS, P.A.
                          Post Office Box 3913
                          Tampa, Florida  33601-3913
                          (813) 224-9255 (telephone)
                           (813) 223-9620 (fax)
                          *Counsel for Plaintiffs*

**IN THE CIRCUIT COURT OF THE 20th JUDICIAL CIRCUIT,
IN AND FOR COLLIER COUNTY, FLORIDA**

CAR BRD WI BERLIN L.L.C. and        Case No: _____
CAR BRD WI JANE L.L.C.,

      Plaintiffs

VS

ERIC D. POMEROY,
SARA J. POMEROY, and
BOARDTRACKER REINSURANCE, LTD.

      Defendants.                 /

## STIPULATED FINAL JUDGMENT AGAINST DEFENDANTS

THIS CAUSE having come before the Court upon the Joint Motion for Stipulated Final Judgment (the "Motion") made by Plaintiffs, CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C. (collectively, the "Plaintiffs") and Defendants Eric D. Pomeroy, Sara J. Pomeroy and Boardtracker Reinsurance, Ltd. (collectively, the "Defendants"), for entry of a Stipulated Final Judgment, and it appearing to the Court that the parties are authorized to make such a Motion, it is hereby

ORDERED AND ADJUDGED that Plaintiff CAR BRD WI BERLIN L.L.C. and any successor in interest or assignee, shall recover from Eric D. Pomeroy, Sara J. Pomeroy and Boardtracker Reinsurance, Ltd., jointly and severally, the total sum of **Two Million Two Hundred Ninety-Thousand Eight Hundred Twenty-Six and 32/100 Dollars ($2,290,826.32)**, which shall bear interest at the legal rate established pursuant to section 55.03, FOR WHICH LET EXECUTION NOW ISSUE; it is further

ORDERED AND ADJUDGED that Plaintiff CAR BRD WI JANE L.L.C. and any successor in interest or assignee, shall recover from Eric D. Pomeroy, Sara J. Pomeroy and

Boardtracker Reinsurance, Ltd., jointly and severally, the total sum of **One Million Fived Hundred Thirteen Thousand One Hundred Sixty-Seven and 63/100 Dollars ($1,513,167.63)**, which shall bear interest at the legal rate established pursuant to section 55.03, FOR WHICH LET EXECUTION NOW ISSUE.

ORDERED in Chambers at Naples, Collier County Florida, this _____ day of _____, 20__.


_____
Circuit Court Judge


SEEN AND AGREED:

BOARDTRACKER REINSURANCE, LTD.


By: _____
Name: Sara J. Pomeroy
Title: President and Authorized Representative


ERIC D. POMEROY


_____


SARA J. POMEROY


_____


cc: CAR BRD WI BERLIN L.L.C. and CAR BRD WI JANE L.L.C. c/o Kathleen L. DiSanto, Esq.
   Eric D. Pomeroy, Sara J. Pomeroy, Boardtracker Reinsurance, Ltd. c/o Peter Shapiro, Esq.